**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

**DANIELLE TONEY,**

           **Civil Action No.**  3:17-cv-3016

   **Plaintiff,**       **JURY TRIAL DEMANDED**

**v.**

**GC SERVICES LIMITED PARTNERSHIP,**

   **Defendant.**

## COMPLAINT

   This is an action to make whole and compensate the Plaintiff, Danielle Toney, for the unlawful actions and employment practices of the Defendant, GC Services Limited Partnership. Ms. Toney contends the Defendant discriminated against her based on her status as a person with a disability and her need for and attempts to obtain reasonable accommodation and time off to receive medical treatment. Plaintiff asserts the Defendant's treatment of her constitutes unlawful discrimination and retaliation under the West Virginia's Human Rights Act and Family Medical Leave Act, and she seeks all relief available under the law.

### PARTIES

1. Plaintiff, Danielle Toney, is a citizen and resident of Cabell County, West Virginia.

2. Defendant GC Services Limited Partnership (hereinafter "GC Services") is a foreign company licensed to do business in the state of West Virginia, with its principal office located in Houston, Texas.

3. Defendant operates call centers including one call center located in Huntington, West Virginia, where Plaintiff was employed.

4. At all times alleged, Defendant acted by and through its agents, employees, supervisors,

directors, officers and assigns and within the full scope of agency, office, employment, and/or assignment.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this civil action under Article III, §2 of the United States Constitution and 28 U.S.C. §1331.

6. Venue is appropriate in this case under 28 U.S.C. §1391(b)(1) because Defendant is a resident of the State of West Virginia (See, 28. U.S.C. §1391(c)(2)), and under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to this claim occurred in Cabell County, West Virginia which is in the Southern District of West Virginia.

## ALLEGATIONS OF FACT

7. On or about June 30, 2003, Ms. Toney began working for Defendant as an account representative.

8. Approximately seven months after she was hired, Plaintiff was moved to a quality assurance position where she monitored telephone calls in Defendant's Huntington call center.

9. Plaintiff subsequently worked in quality assurance for approximately eight years, during which time she met her employer's legitimate expectations and did not receive any criticism regarding her performance or any write ups or similar such action.

10. Between approximately 2011 and 2013, Plaintiff required three surgeries on her hands.

11. Plaintiff timely notified Defendant of her need for each surgery and time off to undergo the same.

12. Defendant did not, at any time, provide individual notice to Ms. Toney regarding her eligibility for leave or rights under the Family and Medical Leave Act (FMLA) for her

surgeries or any other treatment she received for her hands.

13. At the time when she required each of her surgeries until on or about Fall 2016, Plaintiff believed FMLA leave was only available for pregnancy and child birth.

14. Soon after Ms. Toney had undergone the series of surgeries on her hands, she was transferred back to a position as an account representative ("account rep").

15. Defendant provided no reason for Ms. Toney's transfer.

16. After being transferred back to the account rep position, Ms. Toney's job required her to use her hands to type and use the phone more frequently and repetitively than had been required during her time working in quality assurance.

17. Plaintiff informed her supervisor that this change in her job duties was causing problems and pain related to her condition.

18. The repetitive motion, specifically, typing involved in Ms. Toney's job as an account rep, became increasingly difficult.

19. On or about 2015, Ms. Toney again notified her supervisor about the pain in her hands caused by the daily repetitive typing.

20. Defendant did not make any inquiry or attempt to provide reasonable accommodation to Ms. Toney.

21. Instead, Defendant issued an old keyboard to Plaintiff that made typing even more difficult for Ms. Toney.

22. Ms. Toney regularly provided Defendant with treatment notes from her healthcare provider regarding the diagnosis and treatment for her hands.

23. Defendant then began to issue write ups to Ms. Toney alleging she was not typing fast enough.

24. Defendant also repeatedly issued write ups to Ms. Toney, accused her of "call avoidance," singled her out, and "constantly" "picked on" her.

25. Ms. Toney informed the Defendant that if it could not offer her a different position that would not cause her pain and worsening of her condition, then Plaintiff would have to return to school.

26. Rather than provide Ms. Toney with individual FMLA notice and/or accommodation, the Defendant issued more written warnings to Ms. Toney alleging she was not typing quickly enough.

27. On or about August of 2015, in her attempt to ensure future employability and employment that would not cause further pain and exacerbation of her medical condition(s), Ms. Toney began career training at Collins Career Center.

28. As a result of her enrollment in the Collins Career Center, Ms. Toney went from a full-time, 40-hour work week to a part-time, 25-hour work week with Defendant.

29. Plaintiff's reduction in hours with Defendant resulted in her losing health coverage and other employment benefits.

30. The reduction in her hours also prevented Plaintiff from maintaining at least 1250 hours per year in Defendant's employ, causing her to lose FMLA eligibility.

31. Plaintiff also incurred substantial student loan obligations as a result of her return to school.

32. On or about the Fall of 2016, Ms. Toney had been experiencing increased pain in her hands.

33. Ms. Toney notified Defendant's Human Resources representative that she intended to resign because of the pain in her hands.

34. Defendant's Human Resources representative told Ms. Toney to apply for FMLA leave.

35. After applying for FMLA leave, Ms. Toney received an e-mail notifying her that she was

4

not eligible for FMLA leave because she lacked sufficient hours of employment with the Defendant.

36. Defendant's Human Resources representative told Ms. Toney that because she had exhausted her paid leave, that her only option was to take an unpaid "30-day block leave," and that she had to take all the leave at once.

37. Ms. Toney took the "block leave" available to her.

38. Since her return to work on or about December 30, 2016, Ms. Toney has received additional discipline and write-ups, most often involving Ms. Toney allegedly not typing quickly enough.

39. As a result of Defendant's aforementioned treatment of Ms. Toney, Ms. Toney has suffered loss of income, medical benefits, FMLA coverage, and additional damages as stated below.

**COUNT I: DISABILITY DISCRIMINATION**

40. Plaintiff incorporates the previous paragraphs as if set forth herein.

41. Plaintiff is a person with a disability under the West Virginia Human Rights Act because she has a medical condition which substantially limits one or more of her major life activities, and/or she has a record of such impairment, and/or Defendant regarded her as having such impairment.

42. Ms. Toney has a record of a condition which substantially limits one or more major life activities including, but not limited to, using her hands and performing certain manual tasks.

43. Ms. Toney's condition results in a significant restriction as to the manner and duration under which Plaintiff can use her hands, as opposed to a person in the general population who does not have Ms. Toney's condition.

44. In the alternative, Plaintiff alleges that the Defendant and its agents regarded Ms. Toney as having an impairment which substantially limited one or more major life activities including, but not limited to, performing certain tasks in connection with her job.

45. At all times, Plaintiff is and was qualified for the position(s) she held with Defendant. This is because the Plaintiff satisfies and satisfied the skill, experience, and other job-related requirements for the position, and because Plaintiff was and is able to perform the essential functions of her job with or without reasonable accommodation.

46. The Defendant, by and through the actions of its agents intentionally discriminated against the Plaintiff based on her status as a person with a disability.

47. Defendant made adverse decisions regarding Plaintiff including, but not limited to, issuing write-ups and taking other disciplinary action against Ms. Toney.

48. Ms. Toney's status as a person with a disability was a motivating factor in the Defendant's decision to take adverse action against her.

49. Any alleged reason for Defendant's refusal to provide Plaintiff with a fair and non-discriminatory workplace is mere pretext for the real reason, namely, the intentional discrimination by Defendant against the Plaintiff based on her status as a person with a disability.

50. As a direct and proximate result of the intentional discriminatory acts and practices of Defendant, the Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering, mental anguish, humiliation, loss of enjoyment of life and embarrassment, as well as other past and future pecuniary losses.

51. Defendant knew or reasonably should have known that its actions involving Ms. Toney were false, wanton, willful and malicious and intended solely to harm her and were indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests relief as set forth in her prayer for relief.

**COUNT II: FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

52. Plaintiff incorporates the previous paragraphs as if set forth herein.

53. Ms. Toney is a qualified person with a disability because she is able and competent, with reasonable accommodation, to perform the essential functions of her job. See, W. Va. C.S.R. §77-1-4.2.

54. Plaintiff required a reasonable accommodation in order to perform the essential functions of her job as an account rep.

55. Reasonable accommodation existed which would have allowed Plaintiff to continue full time employment with Defendant.

56. Defendant knew or reasonably should have known of Plaintiff's need for accommodation because she provided Defendant with documentation regarding her surgeries and other treatment and notified her supervisor(s) and/or human resources representative of the pain and/or exacerbation of her condition caused by certain of Plaintiff's work activities/duties.

57. Defendant failed to provide Ms. Toney with reasonable accommodation which would have allowed her to continue to work as a full-time employee and to continue and/or maintain all benefits of being a full-time employee.

58. As a direct and proximate result of Defendant's failure to provide reasonable accommodation to Ms. Toney, Plaintiff has suffered and continues to suffer injury, including past and future loss of income and other employment benefits, pain and suffering,

mental anguish, humiliation, loss of enjoyment of life, embarrassment, and damage to her reputation, as well as other past and future pecuniary losses.

59. Defendant knew or reasonably should have known that its actions involving the failure to accommodate Ms. Toney were false, wanton, willful and malicious and intended solely to harm her and indifferent to her rights under the West Virginia Human Rights Act. Wherefore, Plaintiff requests judgment as set forth in the prayer for relief.

## COUNT III: INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

60. Plaintiff incorporates the previous paragraphs as if set forth herein.

61. Prior to and at the time of her moving from full-time to part-time employment, Plaintiff was qualified and eligible to take leave under the FMLA due to her serious health condition(s) because she had been employed by Defendant longer than twelve (12) months and had worked at least twelve hundred fifty (1250) hours of service for Defendant during the prior twelve-month period.

62. Defendant is and was a covered employer under the FMLA, and employs 50 or more employees within 75 miles of the location where Plaintiff was employed.

63. The FMLA requires that "[w]hen an employee requests FMLA leave, or when the employer acquires knowledge that an employee's leave may be for an FMLA-qualifying reason, the employer must notify the employee of the employee's eligibility to take FMLA leave within five business days, absent extenuating circumstances." 29 C.F.R. §825.300(b)(1).

64. Under 29 C.F.R. §825.300(b)(1), the notice "must state whether the employee is eligible for FMLA leave." If the employee is not eligible, the notice "must state at least one reason why the employee is not eligible." Id. §825.300(b)(2).

8

65. Under 29 C.F.R. §825.300(c)(1) an employer is also required to provide written notice detailing the employee's rights and responsibilities under the FMLA.

66. An employer is further required, on each occasion when rights and responsibilities notice is to be provided, to notify the employee of the designation of her leave, and specifically, whether such leave will be designated as FMLA leave and count towards the employee's total available leave time under the FMLA. 29 C.F.R. §825.300(d).

67. Like rights and responsibilities notice, designation notice must also be provided in writing.

68. The Plaintiff provided sufficient notice and information to Defendant such that it knew or reasonably should have known that Plaintiff required FMLA leave to treat and care for her serious health condition.

69. The Defendant repeatedly failed to provide Plaintiff with individual notice of her FMLA eligibility or rights and responsibilities.

70. Defendant failed to properly designate Plaintiff's leave for her surgeries and to provide notice of such designation to Ms. Toney.

71. Defendant did not provide FMLA's statutorily required individual notice to Plaintiff, resulting in prejudice to Plaintiff and impairment of her legal rights because she could not make informed decisions about her medical leave, which includes, but is not limited to the duration of her protected FMLA leave.

72. As a result of Defendant's failure to comply with the FMLA's individual notice requirements, Ms. Toney has suffered prejudice including, but not limited to inability to make informed decisions about her leave, forced reduction of her work hours, loss of income, benefits and FMLA eligibility, costs of returning to school, and exacerbation of her health condition.

73. In failing to provide Ms. Toney with FMLA notice when Defendant knew she was eligible for and in need of FMLA leave, Defendant interfered with and violated Plaintiff's rights under the FMLA, and Plaintiff seeks all appropriate relief as requested in her prayer for relief.

## COUNT IV: DISCRIMINATION/RETALIATION FOR EXERCISING RIGHTS AND ENGAGING IN CONDUCT PROTECTED UNDER THE FAMILY AND MEDICAL LEAVE ACT

74. Plaintiff incorporates the previous paragraphs as if set forth herein.

75. Before requiring FMLA leave and notice, Plaintiff had been employed by Defendant for longer than 12 (twelve) months and had worked at least 1250 (twelve hundred fifty) hours of service for Defendant.

76. When Plaintiff notified Defendant of her serious health condition(s) and/or her need to take time off from work to care for and treat the same, she gave adequate and proper notice of her need to take a medical leave of absence from work under the FMLA.

77. When Plaintiff first requested and/or required FMLA leave, she was qualified and eligible for FMLA leave.

78. In seeking leave for her surgeries and additional continuing care, Plaintiff engaged in conduct protected under the FMLA that entitles her to all relief under the statute.

79. Defendant took adverse actions against Plaintiff including, but not limited to, issuing her written discipline and providing her with equipment that made the performance of her job duties even more difficult because she was eligible for and/or required leave under the FMLA to care for her serious health condition(s).

80. In so doing, Defendant discriminated and/or retaliated against Plaintiff based on her FMLA-protected conduct.

81. Defendant's actions are and were in bad faith, malicious, reckless and purposefully indifferent to Plaintiff's rights under the FMLA, and she seeks remedy as set forth in her prayer for relief.

## COUNT V: RETALIATION IN VIOLATION OF PUBLIC POLICY

82. Plaintiff incorporates the previous paragraphs as if set forth herein.

83. Throughout her employment, Ms. Toney performed all conditions, covenants, promises, duties and responsibilities required of her and in accordance and conformity with Defendant's legitimate expectations.

84. Beginning on or about 2011 and continuing to present, Plaintiff has received continuing treatment for her medical conditions.

85. Plaintiff took time off from work for medical treatment and provided updates and documentation to Defendant reflecting her condition(s) and dates of treatment.

86. Plaintiff requested a reasonable accommodation including, but not limited to, transfer back to a quality assurance position; a job she had performed successfully for approximately eight years.

87. Plaintiff engaged in protected conduct including receiving medical treatment, notifying Defendant of the treatment and time off she required, requesting reasonable accommodation, notifying Defendant of her need for FMLA-qualifying leave, and reporting the pain and worsening of her condition caused by certain tasks associated with her job and/or Defendant's refusal to accommodate Ms. Toney.

88. The Defendant had knowledge of Plaintiff's protected conduct and took adverse action against her including, but not limited to, job transfer, repeated issuance of write ups, singling out Ms. Toney, and issuing old equipment to her which caused both increased pain

11

and increased difficulty in performing certain job duties.

89. Defendant's actions against Plaintiff are/were retaliatory and in violation of the public policies embodied in the FMLA and the West Virginia Human Rights Act.

90. Defendant's actions followed Plaintiff's protected activities within such a period of time that the Court can infer retaliatory motivation.

91. The Defendant's treatment of and actions regarding Plaintiff are retaliatory and in violation of public policy because:

    A. The Plaintiff engaged in protected conduct;

    B. The Defendant was aware of Plaintiff's protected activities/conduct; and,

    C. Defendant made adverse decisions and/or took adverse action regarding the Plaintiff including, but not limited to, its issuance of repeated write ups and old equipment to Plaintiff.

92. Any reason alleged by Defendant for its actions against Plaintiff is mere pretext for Defendant's real reason, which is retaliation against Plaintiff for engaging in the above stated protected activities/conduct.

93. Defendant and its agents knew or reasonably should have known that their actions taken against Plaintiff were false, wanton, willful, and malicious and designed and intended solely to harm her.

94. Defendant's actions are and were indifferent to Plaintiff's rights under the laws and public policies embodied in the FMLA, West Virginia Human Rights Act, and the common law of the United States and the state of West Virginia.

95. As a direct and/or proximate result of Defendant's intentional and retaliatory acts against her, Plaintiff has suffered and continues to suffer injury, including, but not limited to, loss

of past and future earnings and other benefits of employment, anguish, pain and suffering, humiliation, loss of enjoyment of life, costs associated with her return to school, embarrassment and other past and future pecuniary losses. Wherefore, Plaintiff seeks relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief as set forth below:

On Counts I, II and V, grant Plaintiff actual damages for lost wages, front pay and back pay, lost compensation, fringe benefits and out of pocket costs and expenses, in an amount to be determined by a jury;

On Counts I, II and V, grant Plaintiff general and compensatory damages for annoyance, inconvenience, embarrassment, humiliation and emotional distress suffered by Ms. Toney as a direct and proximate result of Defendant's conduct;

On Counts I, II and V, grant Plaintiff punitive damages in an amount to be determined by a jury and sufficient to deter future improper conduct and to punish the Defendant for its reckless and willful actions;

On Counts III and IV, grant Plaintiff back wages, reinstatement and/or front pay, liquidated damages, costs of litigation, including court costs, any expert witness fees, reasonable attorneys' fees, and all other remedies allowed under the FMLA;

Prejudgment and post-judgment interest on all amounts allowed by law;

All costs incurred in pursuing this action;

Attorney fees; and

Such other relief as this Court deems fair and proper in the interest of justice.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES.**

PLAINTIFF, DANIELLE TONEY,
By Counsel,

s/Hoyt Glazer
Hoyt Glazer, Esq. (WV Bar No. 6479)
Law Office of Hoyt Glazer, PLLC
618 10th Street, Suite 105
Huntington, WV 25701
T. 681-204-3914
F. 681-245-6283
hoyt@hoytglaw.com